PER CURIAM.
We reverse the trial court’s order dismissing the suit for lack of prosecution *350 pursuant to Florida Rule of Civil Procedure 1.420(e). After almost three years with no record activity, the trial court issued a notice of proposed dismissal, informing the parties that the case would be dismissed within sixty days unless record activity occurred or unless a party showed good cause in writing why the action should remain pending. Appellant filed a response to the notice, a notice of trial, and a writ of habeas corpus ad testificandum less than two weeks after the court issued the notice. After conducting a hearing, the trial court concluded that because the case was not at issue, Appellant’s notice of trial and writ of habeas corpus testifican-dum were nullities. Based on this finding, the trial court entered an order of dismissal. This was error.
Although a transcript of the hearing was not provided to this Court, the language in the order of dismissal suggests that the trial court declared Appellant’s filings to be a nullity only because they did not move the case forward. While it is debatable whether the filings advanced the litigation, Appellant’s filings were made within sixty-day grace period and were sufficient to avoid dismissal of the cause. Chemrock Corp. v. Tampa Elec. Co., 71 So.3d 786, 792 (Fla.2011). The supreme court has expressly rejected the distinction between active and passive record activity, holding that “any filing of record is sufficient to preclude dismissal.” Id. (emphasis added). We, therefore, REVERSE and REMAND for further proceedings.
VAN NORTWICK, ROWE, and MARSTILLER, JJ., concur.